UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRONTIER FISHING CORP. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DONALD L. EVANS, Secretary )<br>of the U.S. Department of Commerce; )<br>and )<br>CONRAD C. LAUTENBACHER, JR., )<br>Under Secretary for Oceans and )<br>Atmosphere/Administrator and )<br>Deputy Under Secretary, )<br>)<br>Defendants. )  | `  Civil Action<br>No. 04-11171-DPW |

## **DEFENDANTS' ANSWER**

Defendants answer the Complaint as follows:

1. Defendants admit the allegations of Paragraph 1.

2. Defendants admit the allegations of Paragraph 2, but note that the Magnuson Stevens Fishery Conservation and Management Act is found at 16 U.S.C. § 1801, et seq.

3. Defendants admit the allegations of Paragraph 3, but note that Conrad C. Lautenbacher, Jr.'s title is the Undersecretary of Commerce for Oceans and Atmosphere and Administrator of the National Oceanic and Atmospheric Administration.

4. Defendants admit the allegations of Paragraph 4.

5. Defendants admit the allegations of Paragraph 5.

6.     Defendants admit that Plaintiff owns the F/V Settler, and note that the vessel holds federal permits for scallops, monk fish, and other general fishing categories.

7.     Defendants admit that Plaintiff was charged on or about February 28, 2000, with fishing inside a restricted gear area, in violation of the Magnuson Stevens Fishery Conservation and Management Act, 16 U.S.C. § 1801 et seq., and National Marine Fisheries Service regulations, 50 C.F.R. § 648.14(a)(98). Defendants admit that Plaintiff was assessed an initial penalty of $10,000 in addition to a 30-day suspension of its scallop days-at-sea allocation, and notes that this initial penalty was issued jointly and severally to Plaintiff and Captain Manuel Valente. Defendants admit that on or about August 5, 2003, an administrative law judge issued a decision and order upholding the agency's initial determination and assessing a civil penalty fo $35,000 in addition to a 30-day suspension of its scallop days-at-sea allocation, jointly and severally with Captain Manuel Valente.

8.     Defendants admit the allegations of Paragraph 8.

9.     Defendants admit the allegations of Paragraph 9.

10.    Defendants deny the allegations contained in Paragraph 10.

## **First Affirmative Defense**

The complaint fails to state sufficient facts to constitute a claim for which permanent or temporary relief can be granted.

## **Second Affirmative Defense**

The Administrative Law Judge's decision was supported by substantial evidence in the record.

### Third Affirmative Defense

The Administrative Law Judge's decision was reasonable and in accordance with all applicable law.

### Fourth Affirmative Defense

Plaintiff has no basis upon which this Court may grant Plaintiff the costs and fees of this litigation, or attorneys fees under the Equal Access to Justice Act.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By:   /s/Anita Johnson
>ANITA JOHNSON
>Assistant U.S. Attorney
>United States Courthouse
>1 Courthouse Way - Suite 9200
>Boston, MA 02210
>(617) 748-3282

### CERTIFICATE OF SERVICE

I certify that on this 12th day of August, 2004, I served the foregoing by first class mail, postage prepaid, upon Stephen M. Ouellette, counsel for plaintiff, 163 Cabot Street, Beverly, MA 01915.

>/s/ Anita Johnson
>ANITA JOHNSON