UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRONTIER FISHING CORP., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DONALD EVANS, Secretary of the )<br>UNITED STATES DEPARTMENT OF )<br>COMMERCE; and CONRAD C. )<br>LAUTENBACHER JR., Under Secretary )<br>for Oceans and Atmosphere / Administrator, )<br>)<br>Defendants. ) | CIVIL ACTION<br>NO. 04-11171-DPW |

**DEFENDANTS' OPPOSITION TO SUPPLEMENTATION
OF THE ADMINISTRATIVE RECORD**

**Introduction**

Plaintiff's request that this Court consider additional evidence not included in NOAA's administrative record is contrary to decided principles of law. The document that Plaintiff seeks to insert into the record is not new evidence; it was produced by NOAA to Plaintiff before the commencement of the administrative trial. Moreover, Plaintiff seeks admission of the document in the absence of personal knowledge of what it is and who prepared it. In lieu of such knowledge, Plaintiff sets before the Court an April 7, 2005, affidavit of a supposed expert witness, with a new chart that the witness prepared, purporting to show the importance of the document and purporting to show that the NOAA decision was baseless. Plaintiff's imaginative request should be denied, for the reasons set forth below.

**I. The Facts**

The document consists of a single line of handwritten entries on a form that resembles a radar tracking log form of the type used by U.S. Coast Guard vessels. See Exh. A to Plaintiff's

Motion to Supplement the Administrative Record.  The chart bears the date of October 16, 1997, and the time of 10:19, which, in military time used by the Coast Guard, indicates a.m. time.[1]  Contrary to standard Coast Guard protocol, the log is unsigned and does not contain the standard line drawn over the unused portion of the page (done to ensure that no later additions are made to the document).  See e.g., Administrative Record, Vol. V, Tab 117, Agency Exhs. 12, 14, 17, 18, 21 and 37, and Respondents Exhs. 3 and 13.  The author of the notations is unknown, as is the vessel, if any, on which the individual was stationed.

It is uncontested that the document was produced by NOAA to Plaintiff prior to the administrative trial, on August 10, 2001.  It was produced by NOAA with other documents in response to a discovery request made by Plaintiff to NOAA on August 2, 2001.  See Exh. C to Plaintiff's Motion at 2.  The administrative trial commenced on August 14, 2001, and, after a recess, ended in November 2002.  It is uncontested that Plaintiff did not introduce the document at the administrative trial and that the document was never referenced in any way at trial.[2]

## II.  There Is No Legal Basis For Supplementing the Administrative Record

**(A)  Judicial Review is Required to be Conducted on the Administrative Record**

Section 706 of the Administrative Procedure Act, 5 U.S.C. § 706, requires that "the reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions

---

[1] U.S. Coast Guard documents consistently and exclusively utilize military time.  As noted in Defendant's Opposition to Summary Judgment, Plaintiff's vessel was spotted fishing in prohibited waters and boarded by the Coast Guard in the evening.  In Coast Guard practice, evening time would be recorded as 22:19, etc.  Every U.S. Coast Guard document in the record utilizes military time.

[2] Gerald A. Ouellette, whose affidavit is proferred here to "explain" the document, was a witness at the administrative trial, and did not mention the document.  His testimony to the effect that the Coast Guard spotted and pursued a phantom vessel rather than Plaintiff's vessel was rejected by the ALJ as unpersuasive.  See Vol. II, Tab 106 at 36.

found to be - - unsupported by substantial evidence . . . reviewed on the record of an agency hearing provided by statute. . . ." It has consistently been held that "ordinarily review of administrative decisions is to be confined to 'consideration of the decision of the agency. . . . and of the evidence on which it was based.'" Federal Power Comm'n v. Transcontinental Gas Pipe Line Corp., 423 U.S. 326, 331 (1976), citing United States v. Carlo Bianchi & Co., 373 U.S. 709, 714-15 (1963). The focal point for judicial review "should be the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973). To ensure fair review of an agency action, the court "should have before it neither more nor less information than did the agency when it made its decision." IMS, P.C. v. Alvarez, 129 F.3d 618, 623 (D.C. Cir. 1997) ("If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made the decision."), citing Walter O. Boswell Memorial Hosp. v. Heckler, 759 F.2d 788, 792 (D.C. Cir. 1993). As the Supreme Court has stated, "The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1971). [3] See generally, Bramante Fisheries v. Sec'y of the U.S. Dept. of Commerce, 1993 WL 463337 (D. Mass. 1993)(principles of administrative review applied by J. Young in NOAA case).

The reviewing court may look beyond the administrative record in highly exceptional instances. The first is, where there is "a strong showing of bad faith or improper behavior," such

---

[3] As noted, in the Defendant's Opposition to Summary Judgment, this Court must affirm the agency decision if it is supported by substantial evidence. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Consolo v. Federal Maritime Commissionn, 383 U.S. 607, 619-20 (1966).

that "the court may inquire into the thought processes of administrative decisions." Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402 (1971).   A second is "where there was a failure to explain administrative action so as to frustrate effective judicial review, . . ." Camp v. Pitts, 411 U.S. at 143.[4]   Friends of the Earth v. Hintz, 800 F.2d 822 (9th Cir. 1986)(court may consider evidence outside the administrative record as necessary to explain agency action where there is such a failure to explain administrative action as to frustrate effective judicial review).[5]

In this case, Plaintiff has not come close to showing bad faith on the part of NOAA or to showing that NOAA's explanation for its decision was inadequate.  As to the latter, the suggestion would be ridiculous.  As noted, NOAA held a formal, four day trial-type hearing over the course of fifteen months,  and the ALJ issued a detailed decision, citing at length to specific evidence in the case, and making extensive findings of fact and ruling explicitly on the material legal issues in the case.  See Vol. II, Tab 106.   The decision was comprehensive and provided detailed findings of fact and law, ample grist for mill of judicial review.  In addition, the Plaintiff filed a Petition for Administrative Review of the ALJ's decision that was considered and denied by the NOAA Administrator.  See Vol. II, Tab 111.   Moreover, Plaintiff raised no objection to the breadth and depth of the NOAA decision.  Plaintiff contended that NOAA was wrong, but never that the NOAA decision was scatological, enigmatic, incomprehensible,  superficial, or unreviewable in any way.   See id.

---

[4] In that case, Camp v. Pitts teaches that "the remedy is to obtain from the agency, either through affidavits or testimony, such additional explanation of the reason for the agency decision as may prove necessary."  Id.

[5] In that case, "the purpose of the court's enquiry is 'to ascertain whether the agency considered all relevant factors or fully explicated its course of conduct or grounds of decision.'"  Id. at 829 (citations omitted).

Plaintiff teeters on the edge of charging that the NOAA decision was in bad faith, suggesting that "improper methods calculated to produce a wrongful result," were used; Plaintiff's Motion at 6; and that the agency relied on secret information not part of the record. Id. at 7. This kind of innuendo is not, of course, evidence of bad faith and cannot be the basis for supplementation of the record.

Finally, the authority cited by Plaintiff with respect to consideration of additional documents involve a specialized type of administrative review, review under the National Environmental Policy Act (NEPA), that is inapplicable here. See Sierra Club v. Marsh, 967 F.2d 763 (1st Cir. 1992); County of Suffolk v. Secretary of Interior, 562 F.2d 1368 (2d Cir. 1977); Valley Citizens for a Safe Env't v. Aldridge, 886 F.2d 458 (1st Cir. 1989); Hough v. Marsh, 557 F. Supp. 74 (D. Mass. 1982). NEPA cases challenge the adequacy of the administrative record itself, since the purpose of NEPA is to ensure that the agency gathered the material facts and considered the material facts regarding the environmental impact of a federal project. County of Suffolk, 562 F.2d at 1384. Here, where an adjudicatory hearing took place, the review in the case at bar is whether there is substantial evidence in the record to support the agency's decision on the issues presented by the parties, not whether the agency met its burden of gathering and considering all of the relevant facts.

Accordingly, Plaintiff has shown no basis for departure from the accepted rule that judicial review of administrative actions is to be conducted exclusively on the basis of the record before the agency.

**(B) Plaintiff Proffers No Evidentiary Foundation For the Document**

Plaintiff's proffer of the document fails to comply with the requirement of Rule 56 (e), Federal Rules of Civil Procedure, which requires that evidence to support summary judgment be

submitted with a competent affidavit made on person knowledge, setting forth facts that would be admissible in evidence.  See Connell v. Bank of Boston, 924 F.2d 1169 (1st Cir. 1991); Cerqueira v. Cerqueira, 838 F.2d 863, 865 (1st Cir. 1987).  This rule is strictly applied.  See, e.g., Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 n. 19 (1970).  See also, Rand v. M/A COM, Inc., 824 F. Supp. 242, 266 (D. Mass. 1992) (affidavit nothing more than a mere allegation, not entitled to credence in a summary judgment calculus, since affiant lacked requisite personal knowledge, citing Sheinkopf v. Stone, 927 U.S. 1259, 1269 (1st Cir. 1991)).  A motion for summary judgment "must be established through one of the vehicles designed to insure reliability and veracity.  When a party seeks to offer evidence through other exhibits, they must be identified by affidavit or otherwise made . . . admissible in evidence."  Bee v. Local 719, United Auto Workers, 744 F. Supp. 835, 836 (N.D. Ill. 1990).

    This requirement sheds light on how inappropriate the Plaintiff's document is for judicial consideration at this time.  The authorship, function, subject, and origin of the document are unknown.  No one has identified any facts.  Gerald A. Ouellette has submitted a theory of what the document is and what it means to his client, and Plaintiff submits that the document is so powerful that it must overcome the voluminous eyewitness evidence in the administrative record regarding the location of Plaintiff's fishing activities.   But Ouellette's theory is surmise, interpretation and speculation, not based on admissible evidence.

**(C)  Plaintiff's Interpretation of the Document Is Contradicted By the Evidence of Record**

    As explained in the Defendant's accompanying memorandum, the administrative record contains voluminous U.S. Coast Guard records made contemporaneously with the violation, all conforming to standard recordkeeping protocols, and eyewitness testimony from five U.S. Coast

6

Guard witnesses who maintained visual and radar contact with the Plaintiff's vessel and the records documenting such actions. U.S. Coast Guard officers detailed the detection, tracking and interception of the Plaintiff's vessel, all of which proved that the Plaintiff was fishing in prohibited waters. Plaintiff did not consider the flimsy document offered here as of interest in proving his defense during the course of the administrative proceeding, and the document is no more relevant or probative before this Court.[6] Accordingly, even if the document were considered by this Court, it could not alter the Court's conclusion that there was substantial evidence in the record to support the conclusion of the agency.[7]

---

[6] Plaintiff attempts to bolster the supposed importance and relevance of the document by claiming that the United States Coast Guard Cutter Spencer altered course between 2248 and 2305 to chase after the phantom second vessel. The evidence in the record is to the contrary. The relevant U.S. Coast Guard documents, state clearly that at 2248, Law Enforcement Phase One was set and the Captain decided to board the F/V Settler. At 2257, Law Enforcement Phase Two was set and the boarding party proceeded to board the F/V Settler. See Vol. V, Tab 117, Agency Ex. 26. The U.S. Coast Guard ship Spencer did not "navigate precisely towards this CIC plot at 2248 to 2305." Plaintiff's Motion at 4. Thus, from 2248 to 2305, the U.S. Coast Guard ship Spencer was involved in the safe boarding of the F/V Settler, and not, as claimed by Plaintiff, chasing a second vessel in the prohibited zone, RGA 1. The cutter's movements were simply maneuvers to avoid collisions during the boarding and to ensure the safety of its boarding party.

[7] Plaintiff's request for leave to conduct limited discovery is equally without merit. During the administrative process, Plaintiff made numerous formal discovery requests, and fully availed itself of its right to request discovery. See Vol. I, Tabs 7, 26, 27, 28, 32, 35, 57 and 68. In addition, the Plaintiff made a number of less formal discovery requests directly to Agency counsel that do not appear in the Administrative Record, including the one on August 2, 2001, that resulted in the Agency's production of the Document at issue. The Administrative Law Judge granted some of the Plaintiff's request and denied others, as was his prerogative pursuant to 15 C.F.R. § 904.240. Discovery at this stage in the proceeding is extremely unlikely to produce any relevant material that was not requested or produced during the administrative process.

### III.  Conclusion

For the foregoing reasons, Defendant requests that Plaintiff's Motion to Supplement the Administrative Record be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
ANITA JOHNSON
Assistant U.S. Attorney
U. S. Attorney's Office
John Joseph Moakley
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617)748-3266

Of Counsel:

Alexa Cole
Enforcement Attorney
Office of General Counsel
Nat'l Oceanic and Atmospheric Administration
8484 Georgia Ave, Suite 400
Silver Spring, Md. 20910
(301) 427-2202

### Certificate of Service

I hereby certify that I gave notice of the filing of the foregoing by electronic notice upon counsel for Plaintiff, Stephen M. Ouellette, 163 Cabot Street, Beverly, MA 01915, on this 23rd day of May 2005.

/s/ Anita Johnson