UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRONTIER FISHING CORP.<br><br>        Plaintiff,<br>v.<br><br>DONALD EVANS, Secretary of the<br>UNITED STATES DEPARTMENT OF<br>COMMERCE; AND CONRAD C.<br>LAUTENBACHER JR. UNDER SECRETARY<br>FOR OCEANS AND<br>ATMOSPHERE/ADMINISTRATOR AND<br>DEPUTY UNDER SECRETARY<br><br>        Defendants. | CIVIL ACTION<br>NO.04-11171-DPW |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CONFIRM
AGENCY ACTION AND RESPONSES TO AGENCY'S STATEMENT OF FACTS**

Now comes the Plaintiff, and opposes the Agency's motion to confirm Agency action, for the reasons set forth in the accompanying memorandum. Plaintiff responds to the Agency's statement of facts as follows:

1.  On October 16, 1997, Frontier Fishing Corporation owned and operated the Fishing Vessel Settler (hereafter, "F/V Settler"). Vol. III, Tab 115, TR 158 at 10-17.
    ADMITTED

2.  On October 16, 1997, the F/V Settler had its fishing gear in the water and was engaged in fishing, as defined by the Magnuson-Stevens Act, throughout the time period of 2130 to 2208. Vol. IV, Tab 116, TR 559 at 8-18.
    ADMITTED

3.  The F/V Settler's radar positioning system was functioning properly on the evening of October 16, 1997. Id., TR 518 at 24-25, and 519 at 1-12.
    DENIED. The referenced cite refers to a radar. F/V SETTLER did not have a radar

        positioning system. TR218 at 24-25 and 519 at 1-12. Plaintiff admits SETTLER had a functional ordinary radar.

4.    NOAA regulations prohibit the use of mobile gear in RGA I. Vol. V, Tab 117, Agency Ex. 7.

       DENIED. NOAA Regulations seasonally prohibited the use of mobile gear in RGA1. Plaintiff admits use of mobile gear in RGA1 was prohibited October 16, 1997.

5.    The United States Coast Guard Cutter SPENCER ("USCGC SPENCER") picked up a radar signal of a vessel at approximately 2105. Vol. V, Tab 117, Agency Ex. 19.

       DENIED. SPENCER's radar detected a reflected radar signal originating from SPENCER's radar transmitter, identified only as a radar contact at 21:05 Vol. V, Tab 117 Agency Ex. 19.

6.    The Coast Guard officers on the USCGC SPENCER saw a white light moving on the horizon. Shortly thereafter, the officers were able to distinguish green over white lights. Vol. III, Tab 115, TR 39 at 7-17. Green over white lights on a vessel indicates a fishing vessel trawling at night. Id.; Vol. V, Tab 117, Agency Ex. 13.

       ADMITTED.

7.    From the time of first visual contact through interception of the vessel, the USCGC SPENCER maintained continuous visual and radar contact with the vessel. Vol. IV, Tab 116, TR 864 generally. There was clear visibility throughout the operation. Vol. V, Tab 117, Agency Ex. 12, 43.

       DENIED. Commander Diaz testified that the monitoring of the radar contacts and visual observation of the vessel was not continuous, Diaz testimony at AR v. IV,

page 906 lines 2-5, it was only periodically, Id. at line 18-19. The radar contact was reported only sporadically, not continuously – the bridge crew took and tabulated only 7 discrete contact points. Volume V Agency Ex. 14 and Ouellette Affidavit connected to Plaintiff's Motion to Supplement. (One additional contact was noted by the CIC).

8. At 2140, the USCGC SPENCER plotted movement of the vessel over a half a mile inside RGA I. Vol. III**,** Tab 115, TR 44 at 23-24 and 62 at 2-3; Vol. V., Tab 117, Agency Ex. 14, 16.

DENIED. At 2140 SPENCER sensed a radar contact which was plotted inside RGA1. AR v. V, Agency Exhibit 19, lines 3,4, and 7., etc.

9. At approximately 2150, the USCGC SPENCER altered course and turned to port to intercept the vessel. Vol. V, Tab 117, Agency Ex. 19.

DENIED. Vol. 5, Plaintiff's Exhibit 1, SPENCER's Header Log and Handwritten Radar Contact Log, AR v. V Agency Exhibit 14, plotted by Plaintiff Vol. V., Ex 10 p. 9, shows the SPENCER altered course at 2147.

11. At 2147, the USCGC SPENCER plotted the vessel inside RGA I. Vol. V, Tab 117, Agency Ex. 14, 16.

DENIED. At 2147 USCG SPENCER recorded a radar contact whose position was eventually plotted inside RGA1 – only 1 radar contact that was taken was plotted on the night of the encounter as shown on Agency Ex. 15, Vol. V.

12. At 2152, the USCGC SPENCER plotted the vessel inside RGA I. Vol. V, Tab 117, Agency Ex. 14, 16.

DENIED. At 2152 USCGC SPENCER recorded a radar contact whose position was

eventually plotted inside RGA1 – only 1 radar contact that was taken was plotted on the night of the encounter as shown on Agency Ex. 15, Vol. V.

13. At 2158, the USCGC SPENCER plotted the vessel inside RGA I. Vol. V, Tab 117, Agency Ex. 14, 16.

DENIED. At 2158, USCG SPENCER recorded a radar contact whose position was eventually plotted inside RGA1 – only 1 radar contact that was taken was plotted on the night of the encounter as shown on Agency Ex. 15, Vol. V.

14. Commander Diaz of the USCGC SPENCER verified each of the 2140, 2147, 2152 and 2158 positions taken by the USCGC SPENCER, both visually and on the radar screen. Vol. IV, Tab 116, TR 864 at 7-9.

DENIED. Visual observations were used to set USCGC SPENCER's heading directly to intercept the lights of a vessel, Diaz Testimony, AR v. III page 66 line 8-24. The heading was never directed toward radar points, and the visually sighted lighted contact was as much as 33 degrees off the bearing to the radar contact. See for example, Dr. Peterson's Report, AR v. V Exhibit 41 and 46 Agency Exhibit 6. At 2158, the radar contact was 33 degrees off USCGC SPENCER's heading. Compare the course of SPENCER as set forth in Header AR v. V, Defendant's Ex 1. with the plotted position of 21:58 radar contact from Radar Contact Log, AR v. V, Agency Exhibit 14, Peterson Diagram, AR v. V, Agency Exhibit 46 page 1, 2 and 3. The range to the 21:58 radar contact was also not consistent with the visual observations, as the target was passed within two minutes, rather than the five minutes required to close the 2600 yards at 15 knots. Plaintiff appends hereto for comparison a true "continuous radar plot" from another 270 foot cutter, Exhibit 1.

15. At approximately 2200, while the vessel was still in RGA I, Commander Diaz was able to see that the F/V Settler had its fishing gear in the water. Vol. V, Tab 117, Agency Ex. 19.

    DENIED. At 2200, USCGC SPENCER was outside of RGA1 according to its navigation header log and had no knowledge of range to F/V SETTLER other than Diaz estimate of <u>less</u> than 1000 yards. Vol. V, Agency Ex. 41, p. 12.  Further, the SPENCER turned around the SETTLER at 22:01 to 22:02 and followed on her port quarter on a southerly course of 177 degrees, almost due south along the edge of RGA1.  Since SPENCER was following down behind SETTLER, SETTLER was also heading on an almost due South course, confirming she had not recently exited RGA1.

16. At approximately 2205, the USCGC SPENCER hailed the vessel. <u>Id</u>.

    ADMITTED.

17. At approximately 2205, the USCGC SPENCER began video taping the vessel. Vol. III, Tab 115, TR 146 - 148 generally.

    DENIED. The video provided at hearing was edited and the original not available. Diaz testified the video taping started at 2200.

18. At approximately 2205, the vessel responded to the USCGC SPENCER's hail and identified itself to the U.S. Coast Guard as the F/V Settler. <u>Id</u>.

    ADMITTED.

19. At 2208, the USCGC SPENCER intercepted the F/V Settler just outside of RGAI. Vol. V, Tab 117, Agency Ex. 19.

    DENIED.  The SPENCER intercepted the SETTLER at 22:00, CIC Log, AR v. V,

Respondent's Exhibit 3, p. 4, and turned around her at 22:01 to 22:02. At 22:08 SPENCER recorded a radar return from SETTLER at a distance of 320 yards to her starboard. Vol. V, Agency Ex. 14 and Agency Ex., 41, p. 12.

20. At 2248, the Captain of the USCGC SPENCER made the decision to board the F/V Settler. Vol. V, Tab 117, Agency Ex. 19.

ADMITTED.

21. At 2257, the boarding party from the USCGC SPENCER departed for the F/V Settler. See Vol. V, Tab 117, Agency Ex. 26.

DENIED. Based on the Fifth Plot in RGA1, it now appears that the boarding party left the SPENCER only after the SPENCER departed from its accompanying position relative to the SETTLER at the SPENCER'S 22:48 Header Log location and entered RGA1 in pursuit of another target; see Ouellette Affidavit in support of Plaintiff's Motion to Supplement the Record. As noted in the Agency records, despite the fact that the Boarding team departed SPENCER at 22:57 while inside RGA1, it did not board the SETTLER, then less than half a mile away, until 23:45, AR v. V, Agency Exhibit 26. Plaintiff contends an inference can now be drawn that the SPENCER moved away from SETTLER for a reason, directly towards the 22:19 (10:19 PM) radar contact (the Fifth Plot). The disappearance of the boarding team for almost 45 minutes may be due to its investigation of the 10:19 PM radar contact.

22. The F/V Settler captain, Manuel Valente, admitted to U.S. Coast Guard officers on board his vessel and at the ALJ at hearing that the Settler was fishing during the time period between 2130 and 2208 on October 16, 1997. Id; Vol. IV, Tab 116, TR 559, at 8-18; Vol. II, Tab 89, ¶ 10. While on board, the U.S. Coast Guard saw the fishing

gear being operated. Vol. V, Tab 117, Agency Ex. 26.

ADMITTED.

23. The F/V Settler was fishing at all times between 2130 and sometime after 2300 when the S/V Settler hauled its fishing gear back into the board, in the presence of the U.S. Coast Guard boarding team. Id.

Plaintiff ADMITS that the haulback occurred about twenty minutes after the SETTLER was boarded at 23:45.

**Conclusion**

For the reasons set forth in Plaintiff's memorandum, this Court should:

1. Reverse as arbitrary and capricious, unsupported by substantial evidence and contrary to law, the Agency's finding of a violation
2. Order remission of the fine by the Agency
3. Order that the permit sanction be vacated
4. Order the Agency to pay Plaintiff's fees and costs in accordance with the Equal Access to Justice Act
5. Grant Plaintiff such further relief as the Court deems just and proper.

Dated: June 27, 2004

**FRONTIER FISHING CORP**
By its attorneys
/s/ Stephen M. Ouellette
Stephen M. Ouellette, Esquire
BBO No.: 543752
David S. Smith, Esquire
BBO No.: 634865
CIANCIULLI & OUELLETTE
163 Cabot Street
Beverly, MA 01915
Tel: (978) 922-9933
Fax: (978) 922-6142