UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                              )
FRONTIER FISHING CORP.,                     )
            Plaintiff,                                       )
                                                              )
v.                                                            )
                                                              )
DONALD L. EVANS, Secretary              )
of the U.S. Department of Commerce;  )        `    Civil Action
and                                                           )             No. 04-11171-DPW
CONRAD C. LAUTENBACHER, JR.,     )
Under Secretary for Oceans and           )
Atmosphere/Administrator and              )
Deputy Under Secretary,                      )
            Defendants.                               )
_____)

## DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S NEW EXHIBITS

In its most recent filing, Frontier Fishing submitted two evidentiary documents that are new, and which were never submitted by Frontier Fishing to the NOAA Administrative Law Judge ("ALJ"). These documents should not be considered by this Court, and Defendants request that this Court strike these documents from the record for judicial review. As set forth in Defendant's Opposition to Supplementation of the Administration Record, filed on May 23, 2005, judicial review of this case is to be based on "the administrative record already in existence, and not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973). This Court is required to ". . . to hold unlawful and set aside agency action, findings, and conclusions found to be . . . unsupported by substantial evidence . . . reviewed on the record of an agency hearing provided by statute. . . ," 5 U.S.C. § 706, and its function is confined to consideration of NOAA's decision based on the evidence before the NOAA ALJ trial.

1

Federal Power Comm'n v. Transcontinental Gas Pipe Line Corp., 423 U.S. 326, 331 (1976).  See Defendants' Opposition to Supplementation of the Administrative Record at 2-5.[1]

## A.  Letter of Joseph T. DeAlteris

Frontier Fishing listed Professor Joseph T. DeAlteris on its witness list for the NOAA administrative trial, but chose not to call him as a witness.  Even though DeAlteris did not testify, Frontier Fishing now seeks to put a written opinion by DeAlteris before this Court.  Frontier Fishing attaches this written opinion to Frontier Fishing's recent Memorandum in Opposition to Defendant's Motion to Confirm Agency Action.  The written opinion is a three page letter, dated April 30, 2002, from DeAlteris to Pamela Lafreniere, then-counsel for Frontier Fishing.[2]  Since Frontier Fishing never called DeAlteris as a witness at the hearing, DeAlteris' written opinion was not admitted, for any purpose, as evidence in the administrative trial.  See AR # 108 (List of Respondents' Exhibits).  Also, of course, DeAlteris was never qualified as an expert and no cross-examination occurred on the facts assumed in his opinion, his

---

[1] Even if considered, the new documents would not alter the weight of the evidence and could not, considering the evidence presented to the ALJ by Defendants, affect whether there was substantial evidence in the administrative record to support the ALJ's decision in favor of Defendants.

[2] The letter expresses the opinion that the F/V Settler was incapable of traveling "the 5 plus knot speeds reported by the Coast Guard. . . ."  The speed at which the F/V Settler supposedly traveled was part of Frontier Fishing's representation that the vessel identified by the U.S. Coast Guard in the prohibited zone was a phantom vessel and not the S/V Settler.

calculations or his conclusions.[3]

The three-page DeAlteris opinion letter was not filed by Frontier Fishing in the administrative proceeding for <u>any</u> purpose. Frontier Fishing did submit a two-page DeAlteris letter of another date, November 13, 2002, not as trial evidence but in connection with discovery, as an attachment to Respondent's Reply to Agency's Response to Respondent's Motion for Expert Witness Information. <u>See</u> AR # 62. Frontier Fishing also submitted a two page DeAlteris letter dated April 30, 2002, to the administrative proceeding (not as trial evidence). <u>See</u> AR # 82 (November 13, 2002, letter from Pamela F. Lafreniere submitting "reports from our expert witnesses, Professor DeAlteris and Dr. David L. Kan"). The two page DeAlteris letter dated April 30, 1001, is an abbreviation of the three-page letter that Frontier fishing just filed in this Court. Neither of the DeAlteris letters filed in the pre-trial administrative proceedings contained DeAlteris' reasons for his conclusion. Only the three-page letter that Frontier Fishing just filed in this Court contains reasoning.[4]

In conclusion, the DeAlteris letter should be stricken from the record before this Court because it was not introduced into evidence at the administrative trial and, moreover, was not submitted in its current form for any reason in pre-trial administrative

---

[3] Frontier Fishing is also attempting to get new opinion evidence before this Court through an affidavit of Gerald A. Ouellette, attached to its Motion to Supplement the Administrative Record, filed April 7, 2005. Frontier Fishing appears to be having second thoughts about its trial strategy before the ALJ, but the action in this Court is not the occasion for Frontier Fishing to revise its trial strategy.

[4] Defendants note that a portion of the three-page letter appears, without explanation, to have been redacted -- another reason why use of this letter in judicial review would be problematic.

proceedings.

## B. The "Continuous Radar Plot"

Another new document is Exhibit 1 attached to Frontier Fishing's Opposition to Defendant's Motion to Confirm Agency Action and Responses to Agency's Statement of Facts.  The document is entitled "jots3 – Wed July 28 16:36:39 UTC 1999 – [rest of title redacted]".  Frontier Fishing's memorandum explains this document as follows: "Plaintiff appends hereto for comparison a true "continuous radar plot" from another 270 foot cutter, Exhibit 1."  Frontier Fishing's Opposition at 4, 14.

This document was not admitted as evidence in the administrative trial.[5]  Accordingly, it has no place in this Court's review of the administrative decision.

For the foregoing reasons, Defendants request that this Court strike the two new documents and references thereto in Frontier Fishing's pleadings.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

By:    /s/ Anita Johnson
       ANITA JOHNSON
       Assistant U.S. Attorney
       United States Courthouse
       1 Courthouse Way - Suite 9200
       Boston, MA 02210
       (617) 748-3266

---

[5] It was not submitted in connection with any administrative pre-trial proceedings, either.

CERTIFICATE OF SERVICE and RULE 7.1 CONFERENCE

I certify that on this 19th day of July, 2005, I served the foregoing by electronic transmission upon Stephen Ouellette, counsel for Frontier Fishing and that I conferred with said counsel on July 14, 2005, and he opposed this motion.

/s/ Anita Johnson