UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRONTIER FISHING CORP. ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> DONALD EVANS, Secretary of the ) <br> UNITED STATES DEPARTMENT OF ) <br> COMMERCE; AND CONRAD C. ) <br> LAUTENBACHER JR. UNDER SECRETARY ) <br> FOR OCEANS AND ) <br> ATMOSPHERE/ADMINISTRATOR AND ) <br> DEPUTY UNDER SECRETARY ) <br> ) <br> Defendants. ) | CIVIL ACTION <br> NO.04-11171-DPW |

**PLAINTIFF'S MOTION FOR ASSESSMENT OF FEES PURSUANT TO 28 U.S.C. §2412**

NOW COMES the plaintiff, Frontier Fishing, Inc. to respectfully apply to this Court pursuant to 28 U.S.C. §2412 for an award of fees and other expenses. It is clear that agency's position was not substantially justified, at least with regard to the issues raised in this proceeding, and that the Plaintiff is a prevailing party in accordance with the Equal Access to Justice Act, 28 USC §1242. As such, the Plaintiff is entitled to recovery of its fees and expenses, as itemized below. In support of this request the Plaintiff submits the Affidavit of Harriet Didrikson and further states the following:

**I.    Facts and Procedural History**

This was an appeal from an administrative decision rendered by an Administrative Law judge finding the Plaintiff violated certain regulations promulgated under the Magnuson Stevens Fishery Conservation and Management Act, 16 U.S.C. §1801, *et. seq.* Plaintiff was fined

1

$35,000 and 30 of its vessel's approximately 110 days of fishing were sanctioned.[1]  A principal issue in the underlying case was the ability of the Agency to prove that certain radar targets detected in a fishing area referred to as Regulated Gear Area No. One were, in fact, the Plaintiff's vessel, SETTLER.  Plaintiff argued that the vessel could not have been SETTLER based on the speeds required to travel distances between the reported radar targets based on the time at which the targets were sighted and the distances between them.  Plaintiff argued that the target detected on the radar was most likely a lobster fishing vessel, as RGA1 was closed to mobile gear vessels, such as SETTLER, to allow lobster vessels to set gear without fear of having their gear damaged by mobile gear.  Plaintiff argued that a lobster vessel, setting or hauling gear in RGA1 most likely cause such a large radar reflection that SETTLER, between he USCG SPENCER and the RGA1 Line, was essentially lost in that larger radar signal.  The radar signal would have been larger because lobster vessels in this area routinely carry extra "high flyers" which are mandated to have radar reflectors on them, each of which present a larger radar return than the SETTLER.  Plaintiff further argued that the time required for the vessel to traverse from a radar target observed at location A4 to a radar plot of the SETTLER taken at location A5 was inconsistent with the observations of the crew of the SPENCER.  Rejecting simple arithmetic, the ALJ below rejected the Plaintiff's argument in this regard.  In so doing, the ALJ reached a result this Court found untenable, and remanded the case to the ALJ.

II.    **EAJA allows the Court to award attorneys fees and costs to Plaintiff**

EAJA obliges a court to award attorney's fees and expenses to a party that prevails in litigation against the government unless the court finds that the government's position was

---

[1] Plaintiff notes that, at present, NMFS has indicated it intends to sanction 30 of the vessel's open access days, which are generally understood to yield approximately 2,500 pounds per day, at a price of $8-10 per pound for a total sanction which deprives the vessel and its crew of a gross stock of $600,000 to $750,000.

"substantially justified." 28 U.S.C. §2412(d)(1)(A). Just because the government lost in the underlying litigation does not create a presumption that its position was not substantially justified. "The question is whether the government's position has a reasonable basis in law and fact or stated another way, whether "a reasonable person could think it correct. ... The government bears the burden of proving by a preponderance of the evidence that its position was substantially justified." *Dantran, Inc. v. U.S. Dept. of Labor*, 246 F.3d 36, 40-41 (1st Cir. 2001)[internal citations omitted]. The district court's determination will only be overturned if there is an abuse of discretion. *See id* at 41. The government must justify not only its pre-litigation conduct but also its position throughout litigation. The Court must arrive at one conclusion that simultaneously encompasses and accommodates the entire civil action. *See id* at 41. Since the Court has already determined the Secretary's position was untenable with respect to the rejection of arithmetic computation establishing that the SETTLER could not have been in locations alleged, it appears quite apparent that awarding fees and costs to Plaintiff is appropriate under 28 U.S.C. §2412(d)(2)(a). Since Plaintiff achieved the reversal of the Agency's decision, it has "prevailed" within the meaning of the statute. The mere fact that the remedy the Court has ordered a remand does not negate the fact that the Plaintiff achieved its primary result, vacating the Agency's decision. The mere fact that this Court has remanded the action does not itself preclude an award pursuant to EAJA where this Court has not retained jurisdiction over the case. *Former Employees of Motorla Cermaics Products v. United States*, 336 F3d 1360 (3rd Cir., 2003) reh den.: Coffman v. Heckler 580 F. Supp 67 (ND CA., 1984). The mere fact that remand is the remedy does not preclude an award of fees, rather the question is whether Plaintiff prevailed on merits of challenge. *Lake Pilots Assn v. United States Coast Guard*, 310 F. Supp 333 (DC DC, 2004). In this case, the Plaintiff has persuaded the Court that the Agency did not

adequately consider essential elements of its claims and is being remanded due to administrative error, and although the ultimate outcome on the merits has yet to be determined, Plaintiff has prevailed in forcing the agency to review its claims only after resorting to this Court.[2]

**III.     This Honorable Court is entitled to determine that Plaintiff's Attorney's hourly fee should exceed the presumptive statutory cap for attorney fees of $125 per hour in this case.**

The statute indicates that attorneys' fees should be limited to $125.00 per hour "unless the court determines that ... a special factor, such as the limited availability of qualified attorneys for the proceedings involved justified a higher fee." 28 U.S.C. §2412(d)(2)(a).  The government in a similar case has set forth three arguments against awarding attorneys, who specialize in these types of cases, more than the $125.00 per hour rate.  *See Atlantic Fish Spotters Association, et. al. v. Daley,* 205 F.3d 488 (1st Cir. 2000).  In that case, Attorney David Frulla, who also specializes in fisheries law, sought to obtain compensation at the rate of $175.00 per hour for his time in representing the plaintiffs. Id. at 490. While the government was successful in defeating Frulla's application, the First Circuit concluded that it was within the Court's power to award a fisheries law specialist a higher hourly rate. Id. at 492.  Plaintiff notes that the rates sought, all of less than $200 per hour fall far below current rates charged in the Boston area.  All four fisheries attorneys in this case, LaFreniere, McHugh, Muzyka and Ouellette charged between $150 and $200 per hour, which is the current rate for these services.  Plaintiff further notes that in other jurisdictions, such as in the District of Columbia, fees are awarded based on years of practice, with fees reaching per hour for attorneys with the same level of experience as counsel involved in this case.

---

[2]     Plaintiff also notes that there is contrary authority indicating that, at least with regard to the underlying claim, the issue of an award of fees and costs may properly be reserved until completion of the review on remand. See *Guglietti v. Sec. of Health and Human Services,* 900 F.2d 397 (1990).

    **A.    Attorney Ouellette's fisheries law experience is the sort of practice specialty that can qualify for an enhanced fee.**

The government has argued in the past that fisheries law experience is not the sort of practice specialty that can qualify for an enhanced fee under the statute. Id. at 491. The test is whether there is some distinctive knowledge or specialized skill is needful for the litigation in question and because of the limited availability of qualified attorneys, it is necessary to pay more than $125.00 to obtain attorneys with that skill or knowledge. Id. at 492. Thus the Plaintiff must show that a particular fisheries law case requires for competent counsel someone from among a small class of specialists who are available only for $175.00 per hour. *See Atlantic Fish Spotters Association,* at 492.

FEES SOUGHT

    Plaintiff seeks an award of fees and expenses as follows:

Underlying litigation

| | |
|---|---|
| Attorneys Fees | $93,534.75 |
| Expert/Translator Fees | $28,751.75 |
| Expenses | $82.08 |
| Total | $122,368.58 |
| Total adjusted to $125 per hour for attorneys | $102,620.49 |

Current litigation

| | |
|---|---|
| Attorneys fees | $32,502.50 |
| Expert Fees | $ 7,843.00 |
| Expenses | $ 463.97 |
| Total | $40,809.47 |

5

    Total adjusted to $125 per hour for attorneys    $32,156.97

**IV.**    **Conclusion**

In conclusion, the plaintiff respectfully request that this Honorable Court order the defendant to pay the plaintiff's attorneys fees in accordance with 28 U.S.C. §2412 and order that Attorney Ouellette's fee be increased to $175.00 per hour. A proposed order is attached hereto.

    Plaintiff
    **FRONTIER FISHING CORP.**
    By its attorneys,

    Stephen M. Ouellette */s/*
    Stephen M. Ouellette, Esquire
    BBO No.: 543752
    David S. Smith, Esquire
    BBO No.: 634865
    CIANCIULLI & OUELLETTE
    163 Cabot Street
    Beverly, MA 01915
    Tel: (978) 922-9933
    Fax: (978) 922-6142

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 28th day of April, 2006.

    /s/ Stephen M. Ouellette
    _____
    Stephen M. Ouellette