UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRONTIER FISHING CORP.,          )
      Plaintiff,                 )
                                 )        CIVIL ACTION NO.
      v.                         )        04-11171-DPW
                                 )
DONALD EVANS, Secretary of       )
the United States Department     )
of Commerce; and CONRAD C.       )
LAUTENBACHER JR., Under          )
Secretary for Oceans and         )
Atmosphere/Administrator,        )
      Defendants.                )

MEMORANDUM AND ORDER
June 13, 2006

As a result of my Memorandum and Order of March 31, 2006,

the plaintiff prevailed--to the extent of obtaining a remand--in

this record review proceeding concerning sanctions imposed for

illegal fishing in violation of the Magnuson-Stevens Fisheries

Conservation and Management Act, 16 U.S.C. § 1801, et seq.

Plaintiff now seeks an award of attorney's fees and costs

pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §

2412.  The EAJA provides for such costs to a prevailing party

against the government unless the government's litigation

position was "substantially justified."  28 U.S.C. §

2412(d)(1)(A).  I am satisfied that the government's litigation

position was substantially justified in both law and fact and,

consequently, that it meets the standard for denial of an EAJA

award adopted by the United States Court of Appeals for the First

Circuit.  See generally Schock v. United States, 254 F.3d 1, 5

(1st Cir. 2001); <u>Dantran, Inc. v. U. S. Dept. of Labor</u>, 246 F.3d 36, 40-41 (1st Cir. 2001).

It is important to emphasize that the judgment upon which the plaintiff substantially prevailed merely directed remand in the matter.  It was apparent to me, as reflected throughout my March 31, 2006 Memorandum and Order ("3/31/06 Memo and Order"), that there was a great deal of evidence in the record supporting the ultimate conclusion reached by the Administrative Law Judge; consequently, I did not reverse it.  Nevertheless, because the findings expressly made involved an "untenable" inconsistency, I concluded that the appropriate course was "remand of the case to NOAA ... to permit review of the entire case, including the contradictory evidence, shorn of reliance upon unreasonable assumptions."  3/31/06 Memo and Order at 38.

I am satisfied that the government's carefully and consistently argued contentions in this case had a basis in law and fact to a degree that would satisfy a reasonable person.  <u>Schock</u>, 254 F.3d at 5.  Moreover, my decision to remand did "not exonerate the F/V Settler of the charges."  3/31/06 Memo and Order at 38.  Consequently, this case presents no justifiable occasion to award attorney's fees and expenses against the government.

The "Plaintiff's Motion for Assessment of Fees Pursuant to 28 U.S.C. § 2412" (Dkt. No. 28) is hereby DENIED.

/s/ Douglas P. Woodlock

_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE