UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRONTIER FISHING CORP., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DONALD EVANS, Secretary of the )<br>UNITED STATES DEPARTMENT OF )<br>COMMERCE; and CONRAD C. )<br>LAUTENBACHER JR., Under Secretary )<br>for Oceans and Atmosphere / Administrator, )<br>)<br>Defendants. )<br>) | CIVIL NO. 04-11171-DPW |

**GOVERNMENT'S OPPOSITION TO MOTION FOR CONTEMPT ORDER**

Plaintiff's Motion for Order of Contempt meets none of the requirements for an order of contempt and is, in fact, totally unfounded. For these reasons, explained below, Plaintiff's Motion should be denied.

**I. THE FACTS**

Plaintiff paid $35,000 in civil fines to the administrative agency on June 1, 2004, at the time of the agency's final determination that Plaintiff's vessel, the F/V Settler was fishing in restricted waters on the evening of October 16, 1997. Plaintiff appealed the final determination, and, on March 31, 2006, the Court ordered a remand of this case to the administrative agency. The remand related to the Court's finding that there was an inconsistency in the administrative record on a "discreet point" in the rulings made by the Administrative Law Judge ("ALJ"). The Court's opinion directed the agency to reconcile inconsistent ALJ rulings regarding the relative positions of the U.S. Coast Guard Cutter

1

Spencer ("USCGC SPENCER") and the F/V Settler on, during the ten minute period of time between 2158 and 2208 (military time), just before Coast Guard officers boarded the F/V Settler, an inconsistency related to the Plaintiff's theory that the F/V Settler was unable to be present in waters restricted to fishing during the time period.  The Court's decision stated that it was "not convinced" that the inconsistency rebutted the agency's prima facie case, but stated that the case should be reviewed de novo "without an internally untenable assumption about vessel speed and location."  On June 13, 2006, the Court denied Plaintiff's petition for attorneys' fees.  The Court stated, "It was apparent to me, . . . that there was a great deal of evidence in the record supporting the ultimate conclusion reached by the Administrative Law Judge; consequently, I did not reverse it." "[M]y decision to remand did 'not exonerate the F/V Settler of the charges.  3/31/06 Memo and Order at 38."  At 2.  The Court did not order the agency to return the penalty. The Court did not address any issue regarding return of the civil penalty.

## II. THE APPLICABLE LAW

An order of civil contempt may be issued if four requirements are met.  Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir. 1991).  In order to succeed, the claimant must establish: (1) "that the alleged contemnor had notice that he was 'within the order's ambit,'" U.S. v. Saccoccia, 433 F.3d 19, 27 (1st Cir. 2005)(quoting Project B.A.S.I.C, 947 F.2d at 17)); (2) "that the order was 'clear and unambiguous,'" id. (quoting AccuSoft Corp. v. Palo, 237 F.3d 31, 47 (1st Cir. 2001)); (3) "that the alleged contemnor had the ability to comply," id. (citing U.S. v. Rylander, 460 U.S. 752, 757 (1983)); and (4) "that the order was indeed violated." Id. (citing

Project B.A.S.I.C., 947 F.2d at 16.).  An evaluation of the actions of the Government against these "prudential principles" compellingly demonstrates that Plaintiff's Motion for Contempt must fail.

With regard to the second prong, the Order must be clear and unambiguous so that the alleged contemnor is "able to ascertain from the four corners of the order precisely what acts are forbidden."  Goya Foods, Inc. v. Wallack Mgmt, Co., 290 F.3d 63, 76 (1st Cir. 2002)(quoting Gilday v. Dubois, 124 F.3d 277, 282 (1st Cir. 1997)).  In Saccoccia, the Court further explained that "[t]he question is not whether the order us clearly worded as a general matter; instead, the 'clear and unambiguous' prong requires that the words of court's order have clearly and unambiguously forbidden the precise conduct on which the contempt allegation is based."  433 F.3d at 28 (emphasis in original)(citing Perez v. Danbury Hosp., 347 F.3d 419, 424 (2d Cir. 2003)).  The Court "must read any ambiguities or omissions in . . . a court order as redounding to the benefit of the person charged with contempt."  NBA Properties, Inc. v. Gold, 895 F.2d 30, 32 (1st Cir. 1990)(emphasis added).

### III.  THE GOVERNMENT CANNOT BE HELD IN CONTEMPT BECAUSE IT VIOLATED NO ORDER

Because no order to return the civil penalty was issued by the Court, the government cannot be held in contempt for failing to return the penalty.  The requirements for a contempt order set forth by the First Circuit are not present here.  While the cases that set forth the standards for contempt focus on whether a court order was absolutely clear, there is no order here to address and no determination to make regarding clarity, notice, etc., and Plaintiff points to nothing in that regard.  Plaintiff may be contending that the Court implicitly ordered the return of the penalty because the Court ordered the agency decision "set aside."  If this is its contention,

it must fail, first, because an implicit order cannot be enforced in contempt – which requires a clear and ambiguous order for enforcement --, and, second, because the Court did not "set aside" the agency decision.  The Court took pains to state that it was remanding for further development of the record regarding the inconsistency in the ALJ findings that it identified, and to state that it was not reversing the agency decision.  Nor was the Court required to reverse the agency decision.  "A reviewing court that perceives a flaw in an agency's explanation is not required automatically to set aside the inadequately explained order."  Central Maine Power Co. v. Federal Energy Regulatory Comm'n, 252 F.3d 34, 48 (1st Cir. 2001)(citing Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n, 988 F.2d 146, 150-51 (D.C. Cir. 1993)).[1]

Plaintiff may be contending that an Order of contempt is warranted because the agency refused to comply with Plaintiff's request for return of the penalty.  Of course, a contempt order lies where a court order is violated, not where the request of the opposing party is unmet.  And the agency required payment of the penalty when the administrative determination assessing the fine became final, in accordance with its regulation, "Payment of Final Assessment," 15 C.F.R. § 904.105,  providing that "Respondent must make full payment of the civil penalty assessed within 30 days of the date upon which the assessment becomes effective as the final administrative decision and order of NOAA;. . ."

To beat a dead horse, there is no basis for a contempt order against the government, and,

---

[1] "Whether to do so rests in the sound discretion of the reviewing court; and it depends inter alia on the severity of the errors, the likelihood that they can be mended without altering the order, and on the balance of equities and public interest considerations."  Id. (citing Int'l Union, United Mine Workers of Am. v. Fed. Mine Safety & Health Admin., 920 F.2d 960, 966-67 (D.C. Cir. 1990)).

indeed, Plaintiff fails to make any responsible showing that contempt is warranted.

## IV. CONCLUSION

For the foregoing reasons, the government requests that Plaintiff's motion be denied.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

By:   /s/ Anita Johnson
        ANITA JOHNSON
        Assistant U.S. Attorney
        U. S. Attorney's Office
        John Joseph Moakley
        United States Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA  02210
        (617)748-3266

Of Counsel:

Alexa Cole
Enforcement Attorney
Office of General Counsel
Nat'l Oceanic and Atmospheric Administration
8484 Georgia Ave, Suite 400
Silver Spring, Md. 20910
(301) 427-2202

<u>Certificate of Service</u>

    I hereby certify that I have served the foregoing upon counsel for Plaintiff, Stephen M. Ouellette, by electronic transmission on this 14th day of September 2006.

                              /s/ Anita Johnson