UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRONTIER FISHING CORP. | ) | CIVIL ACTION |
| | ) | NO.04-11171-DPW |
| Plaintiff, | ) | |
| v. | ) | **PLAINTIFF'S REPLY** |
| | ) | **TO THE AGENCY'S** |
| DONALD EVANS, Secretary of the | ) | **OPPOSITION TO ITS** |
| UNITED STATES DEPARTMENT OF | ) | **MOTION FOR CONTEMPT** |
| COMMERCE; AND CONRAD C. | ) | |
| LAUTENBACHER JR. UNDER SECRETARY | ) | |
| FOR OCEANS AND | ) | |
| ATMOSPHERE/ADMINISTRATOR AND | ) | |
| DEPUTY UNDER SECRETARY | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff has filed its motion for contempt because the Agency's actions in and

justification for refusing to return the penalty, are wholly inconsistent with is Court's

Memorandum and Order of March 31, 2006.  The Agency's stated position, both in response to

Plaintiff's request for return of the $35,000 fine payment, and its stated position in its opposition

to Plaintiff's motion for contempt indicates that the Agency is ignoring and, and intends to

continue to ignore, this Court's Memorandum and Order, and refuses to act in accordance

therewith.  The Agency takes the position that its Decision and Order imposing a fine and permit

sanction has not been set aside or altered by this Court's Memorandum and Order, but has been

stayed pending correction of technical deficiencies in the Agency's Decision and Order.  As such,

the Agency appears to be contemptuously ignoring the Court's order, which unequivocally held

that, "[g]iven the untenable resolution of this impossibility argument, I conclude that the

Secretary's Finding and Order must be set aside because they cannot be said to be supported by

substantial evidence."  Memorandum and Order at page 38.

The issue that Frontier Fishing raises is, if the Court has ordered that the Agency decision be set aside and reviewed *de novo*, why the Agency is not required to act in conformity therewith?  In the absence of a final agency action, which in the case of an adjudicatory proceeding requires a final decision, there is no final agency action, no fine can be imposed. Where then Agency decision has been set aside, Plaintiff is entitled to return of monies currently being held by the Agency.  In response to requests for return of the funds, Agency counsel, Alexa Cole, stated to Plaintiff's counsel that since the Agency decision had not been vacated the Agency would not return the money, see Plaintiff's Motion, and continued to do so after the language on page 38 of this Court's order was read to Attorney Cole.  .  The Agency reaffirms its refusal to accept this Court's order setting aside the Agency Decision and Order in its opposition where it boldly asserts that that the "…Court did not 'set aside' the Agency decision." Opposition at page 4.  It is abundantly clear that the Agency is ignoring the plain language and intended and effect of the Court's order when the Agency denies the existence of the Court's directive at page 38 of its Order quoted above.

Similarly problematic and indicative of the Agency's failure to accept the ruling of this Court is the Agency's continued assertion that the Court has ordered it to correct an "…inconsistency in a discreet point in the rulings made by the Administrative Law Judge (ALJ). The Court's opinion directed the Agency to reconcile inconsistent rulings regarding the relative positions of the [SPENCER] …and {SETTLER}…, an inconsistency related to the Plaintiff's theory that the Settler was unable to be present in waters restricted to fishing during the time period."  Opposition at pages 1 to 2.  This Court ordered that he matter be reviewed *de novo*, holding that the "… **the remand of the case to NOAA is designed to permit review of the entire case, including the contradictory evidence, shorn of reliance upon unreasonable**

**assumptions**."  Memorandum and Order at page 38 (emphasis added).  While, admittedly, this Court did not "reverse" the Agency's finding, it requires the Agency to review the case *de novo*, and then to enter a new decision without a pre-determined result.  In fact, it is difficult to determine how the Agency can send the case back to the same ALJ who relied upon internally untenable assumptions, and rejected simple arithmetic as unscientific.  The Agency position appears to be that this Court has merely ordered it to correct a technical error in the Secretary's Findings and Order and re-impose it.  The Agency is taking the position that such a result is a foregone conclusion, in part be retaining the fine, in effect ignoring this Court's Order.

In short, it is difficult to imagine a clearer case of this Agency defying this Court's Memorandum and Order by continuing to assert that the Secretary's Findings and Order have not been set aside and that it merely has been directed to correct technical deficiencies, despite the plain language of this Court's Memorandum and Order that is has been set aside and is to be reviewed *de novo*.  Retention of the fine is but another indicia of the Agency's contempt for the Court's Memorandum and Order.  This Court must act accordingly to preserve the rule of law by holding the Defendant Agency in contempt, requiring return of the fine, reaffirming that the Agency must review the entire case *de novo*, shorn of reliance upon unreasonable assumptions and entering such further relief as justice requires, including but not limited to imposition of a monetary penalty.[1]

Respectfully submitted this 20th day of September, 2006

---

[1]  Plaintiff notes, for example, that the NOAA penalty schedule provides for a minimum fine of $5,000 for any non-compliance with enforcement directives, see NOAA Penalty Schedule, Exhibit 1, and that each day of such fine constitutes a separate violation, 16 USC §1858(a), and that it might be appropriate to have the Agency pay a proportionate fine from the monies it collects from fisheries fines.

**FRONTIER FISHING CORP**

By its attorneys

*/s/ Stephen M. Ouellette*

Stephen M. Ouellette, Esquire

BBO No.:  543752

CIANCIULLI & OUELLETTE

163 Cabot Street

Beverly, MA 01915

Tel:  (978) 922-9933

Fax  (978) 922-6142